UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. PRATT; CONNIE L. PRATT-SCHMIDT aka CONNIE L. PRATT; HOPKINS MORTGAGE FUND, LLC; and DUSTIN KUKLA,<br><br>Defendants. | Case No. 1:16-cv-00108-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Pending before the Court is Defendant James A. Pratt's "Motion for additional 7 days to answer Motion to Correct Clerical Errors in Judgment" (Dkt. 87), "Motion to have The Honorable Judge Nye be recused from this case" (Dkt. 88), "Motion to correct docket and restore legally prescribed period to appeal clerical error motion granted [sic]" (Dkt. 93), and "Emergency Motion to Stop U.S. Marshall [sic] sale" (Dkt. 97). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons outlined below, the Court finds good cause to DENY the motions.

## II.   BACKGROUND

On March 15, 2016, Plaintiff United States of America filed a Complaint against

MEMORANDUM DECISION AND ORDER- 1

Defendants James A. Pratt, Hopkins Mortgage Fund, LLC,[1] Connie L. Pratt-Schmidt, and Dustin Kukla[2] seeking to foreclose on real estate mortgages and security agreements.

On September 29, 2017, the Court granted the Government's motion for summary judgment. Dkt. 72. On October 30, 2017, Pratt appealed the Court's judgment to the Ninth Circuit (Dkt. 74); on September 26, 2019, the Ninth Circuit affirmed (Dkt. 81).

On October 22, 2019, Pratt filed the pending motion (Dkt. 87) for additional 7 days to answer the United States' Motion to Alter Judgment (To Correct Clerical Error) (Dkt. 82). Six days later, Pratt filed the pending motion to have the undersigned Judge recused from the case. Dkt. 88. On November 27, 2019, Pratt filed the pending motion to correct the docket. Dkt. 93. Shortly after, on December 3, 2019, Pratt filed the pending emergency motion to stop the United States Marshal sale of his former properties. Dkt. 97.

**A. Motion for Recusal (Dkt. 88)**

The Court first turns to the motion for recusal, as the Court's decision on whether the undersigned Judge should recuse himself will affect whether the Court has jurisdiction to rule on the rest of the pending motions.

Pratt has previously argued to the Ninth Circuit that the undersigned Judge erred in declining to recuse himself sua sponte under 28 U.S.C. § 455. On September 26, 2019, the Ninth Circuit held that the undersigned "did not plainly err in declining to recuse himself . . . because Pratt failed to demonstrate any grounds for recusal." Dkt. 81, at 2.

---

[1] The United States and Hopkins Mortgage Fund, LLC entered into a stipulation for judgment. Dkt. 27.

[2] The Court issued a default judgment against Connie L. Pratt-Schmidt and Dustin Kukla. Dkt. 29.

MEMORANDUM DECISION AND ORDER- 2

On October 28, 2019, Pratt filed a "Motion for Recusal" directly with the Court. Dkt. 88. In Pratt's motion for recusal of the undersigned, he alleges that the undersigned Judge is "too closely associated with the people involved in this case." Dkt. 88, at 1. To support this allegation, Pratt claims Butch Otter, as governor of the State of Idaho, appointed the undersigned to "District Court."[3] *Id*. Additionally, Otter was at one time elected to the United States Congress and represented Pratt's district. As Congressman, Otter purportedly refused to look into Pratt's situation when Pratt approached Otter's office about this case. Additionally, Otter at one time was on the Board of Directors of Farmers and Merchants State Bank, which was eventually purchased by the Bank of the Cascades and merged into the First Interstate Bank. Pratt alleges, "[i]t appeared [sic] that there was a working relationship with Farmers and Merchants and the [United States Department of Agriculture ("USDA")], which oversaw the program that was used to purchase the farm" at issue in this case. *Id*. Further, Pratt notes the director of the USDA was married to one of the members of Otter's staff when Otter was a Congressman.

Pratt also alleges that the undersigned Judge is too closely associated with Layne Bangerter. He states that Bangerter is Pratt's neighbor and has made multiple offers to purchase Pratt's property. Bangerter was a campaign manager for President Trump for the State of Idaho and was later appointed as the USDA Director for the State of Idaho. As a member of President Trump's team, Pratt claims Bangerter publicly advocated for the

---

[3] The Court assumes Pratt means state district court. However, whether he meant state or federal district court is ultimately immaterial to the Court's ruling on this motion.

MEMORANDUM DECISION AND ORDER- 3

undersigned Judge to be appointed as a federal judge.

Even accepting all of the above alleged facts as true,[4] Pratt has not shown that the statutes governing disqualification of judges—28 U.S.C. §§ 144[5] and 455[6]—or any cases interpreting these statutes, apply in this case. Disqualification is not required where only

---

[4] The reality is that the undersigned Judge has never met Bangerter or Pratt.

[5] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[6] Section 455 provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>     (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
>     (ii) Is acting as a lawyer in the proceeding;
>
>     (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>     (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

MEMORANDUM DECISION AND ORDER- 4

vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

Pratt's motion for disqualification lacks any viable legal theory and includes insufficient supporting evidence. The Court denies Pratt's motion for disqualification as unnecessary. Retaining jurisdiction over the case, the Court turns to the remaining three motions.

### B. Motion for an Extension of Time (Dkt. 87)

On October 1, 2019, the United States filed a motion to correct a clerical error in the Order of Judgment. Dkt. 82. The Order of Judgment described Pratt's properties subject to foreclosure by reference to the actual recorded mortgage documents attached to the Amended Complaint as Exhibits B and D. However, it also referenced a property "commonly known as 510 Arthur Street, Caldwell, Idaho . . . ." Dkt. 73, at 2. The United States moved to remove the latter phrase, as the address it identified referred to the location of the federal office that made the loan, rather than the encumbered property. The appropriate address of the encumbered property was identified at the bottom of Exhibits B and D. Dkt. 82-1, at 2.

On October 2, 2019, the Court granted the United States' motion to correct the clerical error. Dkt. 83.

On October 22, 2019, Pratt filed the pending motion for an extension of time to answer the Government's motion to correct a clerical error. Dkt. 87. Pratt subsequently

MEMORANDUM DECISION AND ORDER- 5

filed his opposition to the Government's motion on October 29, 2019. Dkt. 90.

By the time Pratt requested an extension of time to respond, the Court had already issued an order granting the motion at issue. The Court accordingly denies Pratt's motion for additional time to respond as moot.[7]

### C. Motion to Correct Docket and Restore Legally Prescribed Period to Appeal Clerical Error (Dkt. 93)

On November 27, 2019, Pratt filed a motion to correct the docket and extend his time to appeal a decision. Dkt. 93. He stated that he discovered, while at the clerk's office, that he had not received notices from the Court due to an incorrect address on file. Pratt asserts his address is 6650 McElroy Road, but that some court notices listed his address as 5650 McElroy Road.

Pratt alleges it was due to this clerical error that he did not know that the Court had granted the Government's motion to correct a clerical error in the judgment. As relief, Pratt requests: (i) the docket should somehow reflect that his incorrectly listed address was the fault of a clerk; (ii) an audit into how the incorrect address negatively affected his case; and (iii) that he be given additional time to "appeal the decision to fix the clerical error." Dkt. 93, at 1. In response, the Government notes that Pratt himself listed his address as 5650 McElroy Road. Dkt. 98, at 1.

Specifically, Pratt listed his address as 5650 McElroy Road in two ECF filings he

---

[7] Even if Pratt's motion for additional time was not moot, the Court can think of no argument Pratt could make that would compel the Court to *not* correct a clerical error where such correction ensures the Judgment aligns with the Court's intent. Indeed, in reviewing Pratt's response, the Court finds no persuasive argument that would have changed its decision to grant the United States' motion to correct the clerical error.

MEMORANDUM DECISION AND ORDER- 6

made in 2017. Dkts. 55, 57. The Court does not fault the court clerk for using an address that Pratt himself provided. Additionally, the court clerk updated Pratt's address to 6650 McElroy Road on October 29, 2019. Dkt. 89.

Further, in reviewing the docket, it is clear the clerical error did not prejudice Pratt. He has consistently responded to motions filed in the last two years and has not previously complained of delay. The Court DENIES Pratt's motion to correct the docket and extend his time to respond to the Government's motion.

### D. Emergency Motion to Stop U.S. Marshal Sale (Dkt. 97)

On September 29, 2017, the Court granted the Government's motion for summary judgment. Dkt. 72. Among other things, the Court held that Defendants James A. Pratt and Connie L. Pratt-Schmidt, jointly and severally, owed the Government "$243,994.65 together with interest accruing from February 8, 2016, . . . to date of judgment at the rate of $17.9648 per day, and costs and disbursements to be taxed by the Clerk, with interest on the total of said sums at the legal rate of 6.250 percent per annum from date of judgment until paid in full, for costs of suit, and other proper relief." Dkt. 73, at 1. Additionally, the Court ordered that "all mortgaged real and appurtenant property, and personal property described herein above shall be sold by the United States Marshal in the manner prescribed by law and the practice of this Court." *Id*. at 4.

On October 30, 2017, Pratt appealed the Court's judgment. On September 26, 2019, the Ninth Circuit affirmed the Court's grant of summary judgment in favor of the United States.

On November 29, 2019, less than a week before the sale of his properties was to

MEMORANDUM DECISION AND ORDER- 7

take place, Pratt filed his second appeal of the case to the Ninth Circuit. Dkt. 94. Four days after that, on December 3, 2019, Pratt filed an emergency motion to stop the sale of his properties, scheduled for December 4, 2019, on the grounds that the appeals process was on-going. Dkt. 97. The next day, the Government responded that the sale had already occurred and Pratt's motion was moot.

Pratt's motion for an emergency stay was a calculated effort to avoid judgment. The Ninth Circuit had already affirmed the Court's grant of summary judgment and its order that the United States Marshal sell his properties. The merits of his case have been carefully considered by both this Court and the Court of Appeals. There were no new facts or change of law that warranted reconsideration. The Court finds Pratt's second appeal and emergency motion filed days before the sale was scheduled to occur were merely tactics to delay the imminent foreclosure.[8]

Pratt's motion to stop the sale is MOOT and therefore DENIED. However, even if the motion was not moot, the Court would have denied it as Pratt could not succeed on the merits for the reasons provided above and in this Court's Order Granting Summary Judgment. Dkt. 72.

### III.   ORDER

**IT IS HEREBY ORDERED THAT**:

1. Pratt's Motion for additional 7 days to answer Motion to Correct Clerical Errors in Judgment (Dkt. 87) is **DENIED** as **MOOT**.

---

[8] The Ninth Circuit also found his second appeal "frivolous." Dkt. 110.

MEMORANDUM DECISION AND ORDER- 8

2. Pratt's Motion to have The Honorable Judge Nye be recused from this case (Dkt. 88) is **DENIED.**

3. Pratt's Motion to correct docket and restore legally prescribed period to appeal clerical error motion granted [sic] (Dkt. 93) is **DENIED**.

4. Pratt's Emergency Motion to Stop U.S. Marshall [sic] sale (Dkt. 97) is **DENIED** as **MOOT**.

DATED: June 1, 2020

David C. Nye
Chief U.S. District Court Judge